Barbara Krimmel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 8, 1981, before President Judge CRUMLISH, JR. and Judges BLATT and CRAIG, sitting as a panel of three.

*Edward A. McQuoid,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *William Kennedy,* Associate Counsel and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 3, 1982:

Barbara Krimmel appeals an Unemployment Compensation Board of Review order which denied her benefits. We affirm.

Krimmel was employed as a pharmacy technician by Montefiore Hospital. She was discharged when her supervisor offered constructive criticism about her deviation from accepted procedures and she responded with obscene language and gestures.

Our scope of review where the party with the burden of proof has prevailed below is limited to a determination of questions of law and whether the referee's findings of fact are supported by substantial evidence. *Maxwell v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 604, 423 A.2d 430 (1980).

The referee denied Krimmel benefits, finding that her conduct constituted "willful misconduct" under Section 402(e) of the Unemployment Compensation Law.[1] We agree.

Krimmel asserts that the referee's findings are not supported by substantial evidence because most of the testimony offered was objected to hearsay. However, this Court has held that "testimony elicited through questions based upon objected to hearsay is fully admissible even though the hearsay itself must not be given substantive evidentiary value." *Perminter v. Unemployment Compensation Board of Review,* 57

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Pa. Commonwealth Ct. 426, 429, 426 A.2d 245, 247 (1981). The record here discloses that Krimmel testified that she had violated the standard procedures for dispensing medication and that she had used abusive language when criticized for these violations. She asserts, however, that the obscene language was not directed at her supervisor, but was instead directed toward the hospital procedures themselves and that her deviation from accepted procedure was an attempt to do a superior job for her employer. However, it is axiomatic that the resolution of conflicts in testimony and the issue of credibility are strictly the domain of the referee. *Remaly v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 551, 423 A.2d 814 (1980).

The question of whether conduct rises to the level of "willful misconduct", is a question of law. *Perminter.* We have held that obscene language which is not justifiably provoked is "willful misconduct." *Isabella v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 298, 429 A.2d 1220 (1981). Here, the record supports a conclusion that Krimmel's behavior was unprovoked. Additionally, Krimmel's dismissal was not based solely on the use of this language but also came as a result of her determination to perform her duties as she saw fit, rather than according to the established procedures of her employer. A deliberate violation of an employer's rules constitutes "willful misconduct." *Lipfert v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 206, 406 A.2d 251 (1979).

We conclude that the combination here of Krimmel's use of obscene language and gestures, coupled with her deliberate disregard of established procedures, constitutes "willful misconduct" and that this conclusion is supported by competent evidence on the record.

Affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, No. B-18-2000 dated May 14, 1980, is affirmed.

AMENDED ORDER

Now, March 8, 1982, the Order filed March 3, 1982, in the above captioned case is amended as follows:

The order of the Unemployment Compensation Board of Review, No. B-182000 dated March 14, 1980, is affirmed.

Judge PALLADINO did not participate in the decision in this case.