Howard W. Long, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Barry S. Yaches, Costigan, Baran & Garber,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him *Charles D. Donahue,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 27, 1982:

Howard Long appeals an Unemployment Compensation Board of Review order denying him benefits. We vacate and remand.

Long had been employed as a mechanic at a scrap metal plant for 11 years when his brother brought his automobile to the plant to be scrapped. The car was weighed, and a check was issued to the brother for the scrap value. The car was left on the premise for further processing. Two days later, Long, during his lunch break, moved the car to a garage, removed two tires and the battery,[1] then pushed the car to the scale to be weighed and requested that a check be issued.[2] He was fired for attempting to resell the car. Long asserts he had no knowledge of the car's previous weighing and payment for scrapping.[3]

Section 402(e) of the Pennsylvania Unemployment Compensation Law[4] provides that a claimant shall be ineligible for benefits for any week in which his discharge is due to willful misconduct. Willful misconduct is not statutorily defined; but the provision provides grounds for denial of benefits

---

[1] The propriety of these actions is not at issue. In fact, the Board, in its brief at p. 8, states:

The Board wishes to point out at the outset, that claimant, although he did not have permission from his employer to remove two tires and battery from the junked car, was not discharged for removing the tires and battery, but was discharged for trying to sell the same car to his employer a second time.

[2] This check was never issued by the scale man.

[3] The referee's Finding of Fact No. 4 provided:

The claimant was unaware that the automobile in question had been earlier processed and that a check had been paid by his employer who is a dealer in the scrap iron business.

The Board has not adopted this finding.

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

when an employe's behavior constitutes a willful and wanton disregard of the employer's interests, or the deliberate violation of the employer's rules, or the disregard of the standards of behavior which an employer can rightfully expect from his employe, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employe's duty and obligations.

*Dobson v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 245, 437 A.2d 1080 (1981).

The employer has the burden of proving willful misconduct, *Walkowsky v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 486, 439 A.2d 856 (1981). When the employer prevails below, this Court's scope of review is limited to determining questions of law and whether the Board's findings of fact are supported by substantial evidence. *Kimmel v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 134, 442 A.2d 15 (1982).

The employer asserts that Long was aware that the car had been previously weighed and paid for. The Board, however, failed to make a finding as to Long's knowledge of the previous weighing and payment. Since the Board has made no findings to support its legal conclusion that Long was guilty of willful misconduct, we remand[5] for findings on this issue.

## Order

The order of the Unemployment Compensation Board of Review, Decision No. B-192799 dated Feb-

---

[5] Exercise of our appellate review has been extremely difficult due to the faulty transcription of the testimony. On remand, this must be corrected.

ruary 27, 1981, is vacated, and this case is remanded for further proceedings not inconsistent with this Opinion.

Judge MENCER did not participate in the decision in this case.