Kenneth Crawford, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Marian B. Cocose,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, February 7, 1983:

The petitioner, Kenneth Crawford, was denied unemployment compensation benefits on the ground that he had been discharged for willful misconduct[1] in disobeying the employer's rules regarding reporting

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

absences. He argues that he had good cause for not reporting off directly to his employer on three consecutive days, because he had reported his absence to the employer's workmen's compensation insurance representative. The Unemployment Compensation Board of Review (Board) held that his reliance on the employer's insurance representative to notify the employer of his absence did not relieve him of his own duty to notify the employer.

The burden of proving willful misconduct is on the employer, who established here that the claimant had failed to report his absence as required by the employer's rules and thus met this burden. *Donahue v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 139, 400 A.2d 251 (1979). The employee, however, may attempt to justify his conduct by demonstrating good cause for his actions, and it is then his burden to establish good cause.[2] *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). And where, as here, the claimant fails to sustain his burden of proof before the Board, our scope of review is limited to a determination of whether or not the Board's findings of fact are consistent with each other and with the conclusions of law and whether or not the findings can be sustained without a capricious disregard of competent evidence. *Gwin v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 69, 427 A.2d 295 (1981).

---

[2] As the Supreme Court of Pennsylvania recognized, the rationale upon which the concept of good cause was developed was that where the action of the employee is justifiable or reasonable under the circumstances, it cannot be considered willful misconduct inasmuch as it cannot properly be charged as a willful disregard of the employer's interests or rules or the standard of conduct the employer has a right to expect. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

In our opinion, the claimant's own testimony supports the Board's finding that he neither reported to work nor reported his absence to his employer on the days in question, although he was aware that he "could get disciplinary action or discharge" for failure to call in for three days when absent from work. He testified that he *had* notified the employer's insurance representative; he added that he *assumed* that she would notify the employer.[3]

Clearly he did not establish good cause for his admitted failure to abide by his employer's rules and the Board properly denied compensation.

### ORDER

AND Now, this 7th day of February, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[3] The claimant, in support of his reliance on the insurance representative to notify the employer of his absence testified, "I *assumed* she would go to UPS because UPS, according to her statement . . . were on her butt because I did not report back to work."