Tyrone German, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 13, 1984, to Judges CRAIG and DOYLE and Senior Judge BLATT sitting as a panel of three.

*Stephen C. Josel, Josel & Rosen, P.C.,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles Hasson,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 19, 1985:

This is an appeal by Tyrone German (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law) (willful misconduct).[1]

The referee found that Claimant was employed as a checker by Kraft, Inc. (Employer). During the course of Claimant's employment Employer experienced ice cream shortages; consequently, Employer hired a private investigator who, on September 10, 1982, observed Claimant appropriating sixteen one-half gallons of ice cream and loading them into his car. When questioned by the private investigator as to why he was taking the large quantity of ice cream Claimant replied, "I got a big family." Claimant was terminated for dishonest behavior.

The record reveals that the private investigator testified via telephone that he personally observed Claimant take the ice cream on September 10, 1982.

---

[1] Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant denied having stolen anything. The referee specifically found the testimony in favor of Employer to be more credible.

. On appeal to this Court Claimant argues that the referee's decision is based upon incompetent evidence because the private investigator testified via telephone (without prior notice to Claimant) and hence his credibility could not properly be assessed by the referee. Claimant also argues that because the private investigator utilized his written reports during the course of his direct examination and the reports were not entered into evidence the testimony is hearsay which is violative of the best evidence rule. At the hearing Claimant was represented by a "paralegal"[2] from Community Legal Services who did not object to either the telephone hearing or the use of the reports. These issues are therefore deemed waived. *See* Section 703 of the Administrative Agency Law, 2 Pa. C. S. §703(a).[3]

Claimant's representative was given an adequate opportunity to cross-examine on the use of the reports and thus establish exactly what testimony was based upon them. This she failed to do. The record reveals that the private investigator actually witnessed Claimant's actions of September 10, 1982. Moreover, there

---

[2] At the referee's hearing, Claimant's representative designated herself as a "paralegal." Section 702 of the Law, 43 P.S. §862, permits a claimant to "be represented by counsel or other duly authorized agent. . . ." *See also* 34 Pa. Code §101.41. The paralegal is apparently considered a "duly authorized agent." Neither the term "counsel" nor the term "duly authorized agent" is defined in the Law.

[3] Although we have held that Claimant waived any objections to the manner in which the hearing was conducted by not raising such objections at the time of the hearing, we would note that we are unable to locate any statute or case law which enables the Board to conduct hearings via telephone.

is no indication that the witness needed the assistance of any reports to attest to what he saw Claimant do on that date. We therefore find substantial evidence to support the findings. The Board is affirmed.[4]

ORDER

Now, March 19, 1985, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter No. B-217348 dated April 21, 1983, is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

---

[4] Claimant also argues that he was discriminated against because union employees caught stealing were reinstated. This matter is, however, irrelevant for purposes of determining Claimant's entitlement to unemployment compensation benefits.