James Knisley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 28, 1985, to Judge Colins, and Senior Judges Barbieri and Kalish, sitting as a panel of three.

*Theodore W. Branin,* for petitioner.

*Daniel T. Booth,* Legal Intern, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, December 17, 1985:

James Knisley, claimant, appeals the decision of the Unemployment Compensation Board of Review (Board), affirming the decision of the referee to deny him benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] concerning willful misconduct.

Claimant was employed as a truck driver by Overnite Transportation (employer). He worked for employer for almost six years. He was discharged in February, 1983, after taking a load to York, Pennsylvania, rather than to Bluefield, West Virginia, as stated on the manifest. Claimant stated that he never read the instructions (manifest) given to him, but that the dispatcher had told him to take the load "home" to York, Pennsylvania, where claimant lived.

The manager testified that the dispatcher had told him that he verbally directed the claimant to take the load to Bluefield. This was timely objected to by claimant's attorney as being improperly admitted hearsay. Later, the dispatcher himself testified via telephone that he had timely instructed claimant to take the load to Bluefield. Claimant's attorney objected to this testimony being taken by telephone. Employer also testified that claimant had been warned previously about following orders and that this time he was dismissed.

After his dismissal, claimant was denied benefits by the Office of Employment Security because his dismissal resulted from willful misconduct. He appealed and two hearings were held by the referee. The referee also denied benefits and the Board affirmed on appeal.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

Claimant bases his appeal on the grounds that the referee erred in accepting hearsay evidence over objections and basing some of her decisions on it, that the referee erred in denying claimant his right to have witnesses, and that claimant was denied due process through the bias or apparent bias of the referee.

The Board argues that the findings of the referee are supported by the evidence, that the misdelivery of the claimant constituted willful misconduct, that the referee conducted an unbiased hearing, and that claimant failed to follow the prescribed administrative remedy, thereby waiving his right to enforcement of the subpoena duces tecum.

Claimant's due process argument centers on his belief that two other drivers were present when the dispatcher allegedly directed him to take the load "home". He was only aware of their CB "handles" and did not know their true names. He requested the time sheets of the employer from that day, which he was given. He obtained their last names but was unable to persuade the employer to give him their full names and addresses, although the referee did issue a subpoena duces tecum for this information.

Apparently, claimant's attorney never requested the Board to petition the Court of Common Pleas having jurisdiction to require the person subpoenaed to appear and produce whatever documents and records were described in the subpoena. This procedure is delineated in the Rules of Procedure of the Unemployment Compensation Board of Review, 34 Pa. Code §101.34. The referee herself was not authorized to induce compliance. Therefore, the referee's failure to enforce the subpoena does not indicate bias nor its reversible error.

We must now consider claimant's allegations that the referee improperly admitted hearsay evidence and

based some of her decisions upon it. Hearsay evidence alone is not sufficient to support a finding of the Board, *Vann v. Unemployment Compensation Board of Review,* 508 Pa. 139, 494 A.2d 1081 (1985). *See also El v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 57, 432 A.2d 651 (1981). The employer's testimony was admissible but the hearsay itself must not be given substantive evidentiary value. *Krimmel v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 134, 442 A.2d 15 (1982), and the referee's findings must be based upon other competent evidence. "[T]he admission of hearsay evidence is not reversible error when other competent evidence is received in support of the same proposition," even though "such evidence alone cannot support a finding." *Palmer v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 388, 391, 449 A.2d 126, 128 (1982) (citations omitted.) The finding that claimant failed to follow orders given him must be based upon properly admitted evidence. Therefore, the manager's improperly admitted hearsay testimony would not mandate a reversal if the dispatcher's telephonic testimony was properly admitted. However, it was not.

The referee is required to afford the parties a fair, impartial hearing. *German v. Unemployment Compensation Board of Review,* 88 Pa. Commonwealth Ct. 264, 489 A.2d 308 (1985). As we previously stated in *Chobert v. Unemployment Compensation Board of Review,* 86 Pa. 151, 154, 484 A.2d 223, 225 (1984),

[W]e do not condemn the practice of conducting administrative hearings or the examination of witnesses by telephone conference call; but such hearings and examinations must comport with fundamental fairness guaranteed by the due process clause, with the statutory requirement of a fair hearing in unemployment compensa-

tion hearings, and with the board's regulations to the same effect at 34 Pa. Code §101.21, 101.86.

One potential area of abuse inherent in telephonic hearings is the possibility of witnesses fraudulently misrepresenting their identities at such proceedings. A witness could also refer to records or notes which had not properly been admitted into evidence or disclosed to the opposing party as occurred in *Chobert*. These areas of potential abuse are compounded where the agency has adopted no regulations concerning the conduct of telephonic hearings. As such, we can no longer allow the Board to conduct telephonic hearings, over the objections of one of the litigants, without first having promulgated regulations which will safeguard the minimum due process rights of the parties and also insure that the hearings are conducted uniformly by the referees. These regulations should include, as a minimum, some identification procedure to show that the witness testifying via telephone is who he or she purports to be. Also, any documents or records used by a witness while testifying must be revealed to the opposing parties and the factfinder so that the referee may determine whether such exhibits may be properly testified from.

Until such time as the Board adopts regulations which incorporate certain minimum procedural safeguards, evidence obtained via telephone, if properly objected to, will be stricken from the record. Accordingly, the decision of the Board is vacated and the matter is remanded for further proceedings consistent with this opinion.

## Order

And Now, this 17th day of December, 1985, the order of the Unemployment Compensation Board of Review, No. B-220548, dated July 28, 1983, is vacated

and the case is remanded to the Unemployment Compensation Board of Review for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

Judge WILLIAMS, JR. did not participate in the decision in this case.