George Washington, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1985, to Judges MACPHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Geoffrey M. Biringer,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, January 29, 1986:

George Washington (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying Claimant benefits under Section 402(b) of the Unemployment Compensation Law[1] (Law). We will vacate and remand.

The referee made the following pertinent findings which were adopted by the Board: Claimant was last employed by Giorgi Mushroom (Employer) as a picker. On November 21, 1983, Claimant fell off a ladder while at work and injured his back. On November 30, 1983, Employer received a doctor's certification which stated that Claimant would be able to return to work on December 10, 1983. Claimant failed to return to work after the latter date and Employer assumed that Claimant had voluntarily terminated his employment. Employer never received any subsequent information from Claimant's doctor.

Claimant contends that the Board erred in concluding that his termination was voluntary. Specifically, he disputes the Board's finding that Employer received a doctor's note on November 30, 1983. Our careful review of the record reveals that the only basis for this finding is the hearsay testimony of Employer's production manager which was admitted without objection during the hearing. As the hearsay is not corroborated by any competent evidence in the record, it cannot support a finding of the Board. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).[2]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

[2] We reject the Board's contention that *Tyrone German v. Unemployment Compensation Board of Review*, 88 Pa. Commonwealth Ct. 264, 489 A.2d 308 (1985), stands for the proposition

The Board takes the position that even if this finding is not supported by substantial evidence, it is not crucial to the Board's decision, because, it argues, Claimant never informed Employer that his medical condition prevented him from returning to work. A claimant who can no longer perform his regular duties because of physical difficulties must report these problems to his employer.[3] *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). Failure by a claimant to contact his employer for an unreasonable length of time will result in a voluntary termination. *Benitez v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 241, 458 A.2d 619 (1983). The testimony in this regard is inconclusive. The Employer's representative testified that the Employer was never contacted by Claimant regarding his physical difficulties. Although the Claimant testified several times that he did not contact the employer, his last statement was that he did contact someone at the time clock on the Tuesday following his accident. N.T. 11. In the present case, unfortunately, neither the

____

that where a claimant fails to object to hearsay evidence, the issue is waived. *Tyrone German* marks no departure from the general principle that hearsay evidence, admitted without objection, must be supported by competent evidence. The *Walker* rule has recently been reaffirmed by our Supreme Court in *Vann v. Unemployment Compensation Board of Review*, 508 Pa. 139, 494 A.2d 1081 (1985).

[3] Claimant contends that he met this requirement by sending to Employer's insurance carrier a physician's certificate stating that Claimant would be able to return to work with limitations on January 10, 1984. Although the Board made no finding in this regard, a remand on this issue is not necessary, since, even if this were true, Claimant's communication with the Employer's insurance representative would not relieve him of the duty to inform Employer of his medical condition. *See Crawford v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 592, 455 A.2d 751 (1983).

referee nor the Board made findings with respect to the vital question of whether Claimant informed Employer of his medical condition. Where the Board's findings fail to resolve issues which may be legally determinative of a claimant's rights, we must remand the case to the Board to make the necessary findings. *Ryan v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 465, 487 A.2d 1026 (1985).

We, therefore, vacate the order of the Board and remand the case for the sole purpose of determining whether Claimant informed Employer that he could not return to work because of his physical condition.

ORDER

The order of the Unemployment Compensation Board of Review, dated June 8, 1984, No. B-231474, is vacated and the case is remanded to the Board for proceedings not inconsistent with the foregoing opinion. Jurisdiction relinquished.