520 A.2d 953

Byron K. Weston, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1986, to President Judge CRUMLISH, JR., Judge COLINS and Senior Judge BLATT, sitting as a panel of three.

*Richard G. Fishman,* for petitioner.

■■■■■■■■■■

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, February 9, 1987:

This is an appeal by Byron K. Weston (petitioner) of an order by the Unemployment Compensation Board of Review (Board), affirming a referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act)[1] (willful misconduct).

Petitioner was employed by Corvette America (employer) as a door-panel remanufacturer at a final rate of pay of Four Dollars and Seventy-five Cents ($4.75) per hour. On October 18, 1985, petitioner submitted a request for vacation days for the dates of December 2, 1985, and December 16, 1985. This request was granted. However, petitioner did not return to work on Tuesday, December 3, 1985, following his first vacation day. Petitioner has continually asserted that his absence from work on December 3, 1985, did not constitute willful misconduct.[2] However, the Office of Employment Security (OES) denied petitioner's application for unemployment compensation benefits, concluding: that petitioner's absence was taken for the purpose of hunting; that petitioner had not requested the day off in the manner prescribed by company policy, and past practice; and, therefore, that said absence constituted willful misconduct. On appeal, the referee affirmed, finding willful

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] Petitioner has asserted that he made an oral request of his supervisors that the vacation date of December 16, 1985, be transferred to December 3, 1985, and that this request had been granted. He argues that the vacation policy contained no requirement that a vacation request be in writing and even if such a requirement could be inferred, his advance notice as to his absence precluded a finding of willful misconduct.

misconduct was established by the following pertinent findings of fact:

2. The employer's policy provides that all vacation time must be requested in writing at least seven days in advance and must be approved by a supervisor and a corporate officer.

3. The claimant [petitioner] was aware of the employer's vacation policy.

4. On October 18, 1985, the claimant [petitioner] submitted a vacation request for the dates of December 2, 1985 and December 16, 1985; this request was approved.

5. The claimant [petitioner] was absent from work on December 3, 1985 without permission and without authorization.

6. The claimant [petitioner] failed to report for work as scheduled on December 3, 1985 due to personal reasons.

7. The claimant [petitioner] was discharged for his unauthorized and unapproved absence of December 3, 1985 in violation of his employer's policy.

8. The employer's policy was not unreasonable.

9. The claimant [petitioner] has not established good cause for his violation of his employer's policy.

Petitioner took a further appeal to the Board which, without taking any additional evidence, adopted the referee's decision in its order. This appeal followed.

On appeal to this Court, petitioner requests that the Board's order be reversed. Petitioner argues that such action must be taken because, *inter alia,* the hearing before the referee was a telephone hearing to which petitioner properly objected. Petitioner states that the evidence adduced over his objection at this telephone hearing cannot be used to support the referee's order

because, as has been noted by this Court in *Knisley v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 519, 501 A.2d 1180 (1985), minimal due process safeguards are not protected in such telephone hearings.

Without addressing the other arguments that petitioner has raised, we agree that *Knisley* is controlling. Petitioner made a proper and timely objection to the telephone hearing. Since there is no other competent record evidence which could provide substantial evidence of willful misconduct, a remand is mandated. Our serious concern over potential abuse of such hearings has led us to conclude that "[u]ntil such time as the Board adopts regulations which incorporate certain minimum procedural safeguards, evidence obtained via telephone, if properly objected to, will be stricken from the record." *Id.* at 523, 501 A.2d at 1182.

To this date, the Board has adopted no regulations governing telephone hearings. Therefore, we must, as we did in *Knisley,* vacate the decision of the Board and remand this matter for an evidentiary hearing. The Board is thus directed to make specific findings of fact as to the nature of the "personal reasons" which were, apparently, insufficient to justify petitioner's absence.

Accordingly, this matter is remanded to the Board for further proceedings consistent with this opinion.

### Order

AND Now, this 9th day of February, 1987, the order of the Unemployment Compensation Board of Review, dated April 15, 1986, in the above-captioned matter, is hereby vacated and the matter is remanded to the Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.