539 A.2d 23

Daniel Sherman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 27, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Paul D. Welch,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, March 16, 1988:

Daniel Sherman (claimant) appeals an order of the Unemployment Compensation Board of Review

(Board), affirming a referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act)[1] (willful misconduct).

Claimant was last employed by Champion Parts Rebuilders (employer). He was discharged from his employment on April 22, 1986 subsequent to being suspended for improper possession of company merchandise. Claimant worked for employer for approximately five (5) years and last received an hourly wage of $7.22.

Claimant's application for benefits was denied by the Office of Employment Security (OES). The claimant appealed the decision of the OES and a referee's hearing was held on June 5, 1986, with the employer testifying by telephone. Counsel for claimant timely objected to the taking of telephonic testimony on the basis of this Court's decision in *Knisley v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 519, 501 A.2d 1180 (1985). However, the hearing was conducted by telephone and by decision and order of June 9, 1986, the referee affirmed the decision of OES denying benefits.

On appeal, the Board remanded the matter in order to give the employer an opportunity to present in-person testimony. However, the employer was not in attendance at this hearing which was held on August 26, 1986, because the referee ran behind schedule and the employer allegedly had an important meeting to attend. Based upon the fact that the employer requested a continuance by the submission of a handwritten note to an employee of the OES office, the Board again remanded the case for a second hearing. This hearing was held on November 4, 1986.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

At this second remand hearing, Don Bedard, the employer's plant manager, testified that he was provided with a copy of the transcript of the original telephonic hearing and that he had no additional testimony. The employer presented no further evidence concerning the circumstances surrounding the claimant's discharge at this hearing. The claimant renewed his objection to the use of any testimony elicited during the telephonic hearing as in violation of *Knisley*. Thereafter, on or about April 7, 1987, the Board issued a decision denying benefits. The claimant contends that this decision cannot stand, as it is based largely upon the objected-to telephonic hearing evidence. We must agree.

This Court, in *Knisley*, noted the abuses inherent in the use of telephonic hearings. We held that:

> [u]ntil such time as the Board adopts regulations which incorporate certain minimum procedural safeguards, evidence obtained via telephone, if properly objected to, will be stricken from the record.

*Id.* at 523, 501 A.2d at 1182.

In the recent decision of *Weston v. Unemployment Compensation Board of Review*, 103 Pa. Commonwealth Ct. 556, 520 A.2d 953 (1987), this Court reaffirmed our holding in *Knisley*. In *Weston*, the petitioner made a proper and timely objection to a telephonic hearing conducted by the referee. We noted that absent the telephonic hearing evidence, there was no other competent record evidence which could provide substantial evidence of willful misconduct on the part of the petitioner. Therefore, the matter was remanded for an evidentiary hearing.

In the case at hand, the claimant made a proper, timely and continuing objection to the telephonic hearing and the use of the evidence adduced therefrom. The Board twice remanded this matter to the referee for the

taking of additional testimony. However, at both of the remand hearings, no testimony was provided by the employer. Instead, the employer's witnesses noted that they had received copies of the transcript of the telephonic hearing and had no additional information to add to it. The Board argues to this Court that because these witnesses reaffirmed their earlier testimony at the telephonic hearing, any abuses inherent in that telephonic hearing were thereby eliminated. The fatal flaw in the Board's argument is that *Knisley* dictates that where there is a proper objection to the telephonic hearing, any testimony provided at that hearing shall be stricken. Therefore, the testimony which was provided at the telephonic hearing could not be reaffirmed by the employer's witnesses, as it was not properly on the record.

The Board, in its decision, stated that:

At the second remand hearing, the employer testified that he had nothing to add to the testimony he gave by telephone at the initial hearing. At · this point, the claimant reiterated his objection to telephone testimony on the basis of Knisley. . . . Certainly by the time of the second remand hearing, it is apparent to us that the claimant's objection on the basis of Knisley is strategic rather than substantive.

Whether strategic or substantive, the claimant's continuing objection to the submission of evidence adduced at the telephonic hearing was correct. It was the employer's duty to present testimony at the first or second remand hearing that would carry the burden of proving willful misconduct on the part of the claimant. The employer did not do so, but instead relied upon the testimony which was given at the telephonic hearing.

The employer was given more than one chance to present evidence in this matter. Therefore, we decline to remand this matter for an evidentiary hearing. In-

stead, we must reverse the decision of the Board, as there was no evidence presented by the employer which would prove willful misconduct on the part of the claimant. To hold otherwise would open the door for the Board to conduct telephonic hearings in the absence of regulations and then hold in-person hearings simply for the witnesses to reaffirm their testimony given over the telephone. This result flies directly in the face of *Knisley*. Until the Board adopts regulations governing telephonic hearings, we cannot uphold the evidence adduced therein over proper and timely objection of a claimant.

Accordingly, the order of the Board is reversed and benefits are granted.

### ORDER

AND NOW, this 16th day of March, 1988, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.