John Fitzgerald Chobert, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 17, 1984, to Judges ROGERS, CRAIG and BARBIERI, sitting as a panel of three.

*Richard J. Friedman,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, November 27, 1984:

John Fitzgerald Chobert (claimant) appeals from an order by the Unemployment Compensation Board of Review, which, affirming a referee's decision, denied the claimant benefits on the ground that his unemployment·was the result of his willful misconduct in his employment.[1]

The claimant was a sales person and stock helper for a book merchandising enterprise for about nine months, when on April 23, 1982, the store manager dismissed him.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimant applied for unemployment compensation benefits and the Office of Employment Security issued a determination finding the claimant eligible for benefits. The employer appealed.

Neither party was represented by counsel at the referee's hearing. The employer's only witness present was the vice-president of the enterprise who testified that the principal reason for the claimant's discharge was his unsatisfactory work performance, with specific reference to the claimant's alleged practice of taking frequent, long breaks. The witness admitted not having warned the claimant and that he never heard the store manager warn him.

The claimant testified that the employer had no policy concerning breaks. He testified that he did not loaf on the job and that the manager never reprimanded him for taking breaks.

The referee then called the company president on the telephone, administered the witness's oath and questioned him concerning the claimant's work habits. The claimant had not known that evidence against him would be taken by telephone.

The president stated that the claimant was discharged for unsatisfactory work performance and that the claimant was given paper work and bookkeeping assignments, which the claimant either did incorrectly or incompletely. He said that the claimant failed to record book sales and that it was not he, but the claimant's supervisor, the store manager, who had warned the claimant about this conduct.

In response, the claimant testified that he had obeyed the employer's instructions about book sales; he denied having been reprimanded.

The referee then questioned the president, still on the telephone, about the claimant's attendance record. In answer to the referee's questions, the president said

that the claimant was often tardy and, referring to what he called time sheets then in his possession, testified concerning the claimant's attendance record. When the claimant challenged him concerning the time sheets, the president conceded that he was not testifying on the basis of actual time sheets, but that he was estimating the claimant's hours from an annual log. This document was not of course at the hearing place. He testified that on the day of the claimant's dismissal, April 21, 1982, the claimant was late in opening the store, a charge denied by the claimant.

The referee found that the employer dismissed the claimant because of tardiness and failure to do sufficient work and for being late on April 21, 1982. The board adopted the referee's findings and affirmed the referee's conclusion that the claimant's unemployment was the result of willful misconduct.

We do not condemn the practice of conducting administrative hearings·or the examination of witnesses by telephone conference call; but such hearings and examinations must comport with fundamental fairness guaranteed by the due process clause, with the statutory requirement of a fair hearing in unemployment compensation hearings,[2] and with the board's regulations to the same effect at 34 Pa. Code §§101.21, 101.86.

Clearly, it was unfair to the uncounseled claimant and contrary to law to permit the company president to testify by telephone from records not available to the claimant to use in cross-examination.

The president testified from what he first referred to as time sheets and later described as an annual log which he asserted showed that the claimant was tardy,

---

[2] Section.5 of the Unemployment Compensation Law, 43 P.S. §822.

absent, slothful, or all of these. The right of due process includes the opportunity of a party to confront and cross-examine adverse witnesses. In this case, the examination having been by telephone, no one at the hearing could know whether the document the company president referred to was used by him to refresh his memory or to introduce as past recollection recorded. If it was for refreshment, the claimant was entitled to have it to refer to in cross-examining, (*Commonwealth v. Proctor*, 253 Pa. Superior Ct. 369, 385 A.2d 383 (1978)); if it was past recollection recorded, it must have been proved to be accurate and offered into evidence. *Christian Moerlein Brewing Co. v. Rusch*, 272 Pa. 181, 116 A. 145 (1922).

Accordingly, we reverse the order of the Unemployment Compensation Board of Review and remand the record for a new hearing to be conducted consistently herewith. Jurisdiction is relinquished.

ORDER

AND Now, this 27th day of November, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed; the record is remanded for a new hearing to be conducted consistently herewith. Jurisdiction is relinquished.