Deborah Weir, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued January 29, 1985, before Judges ROGERS and CRAIG and Senior Judge BARBIERI sitting as a panel of three.

*Terry L. Fromson,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 26, 1985:

Deborah Weir, an unemployment compensation claimant, has filed a petition for review of an order of the Unemployment Compensation Board of Review (board), affirming a referee's denial of benefits on the ground that she had voluntarily left her work without cause of necessitous and compelling nature. Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The claimant was employed by Century Graphics as a bindery worker from May, 1982 until September 21, 1983, the day she allegedly quit.

The claimant applied for unemployment compensation benefits and the Office of Employment Security issued a determination finding the claimant ineligible for benefits. The claimant appealed.

At the referee's hearing, at which neither party was represented by counsel, the claimant testified that the vice president of Century Graphics discharged her because he thought she was unhappy with her job. The vice president testified that on the claimant's last day of work, she told him that "she wasn't satisfied in the bindery . . . and that she felt it would be better if she

quit.'' The referee then remarked that ''this conflict here will have to decide the case under Section 402(e) of the Law, which requires the decision under the issue of discharge.'' [Sic.] The president of Century Graphics who was present then told the referee that the company's office manager had overheard the conversation of the vice president with the claimant. The referee thereupon telephoned the manager, placed him under oath, and elicited his testimony that the claimant had said that ''she didn't want to work in the bindery any more and she couldn't work in the typesetting; she said I quit.'' The referee found that the claimant had quit without cause.

In *Chobert v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 151, 154, 484 A.2d 223, 225 (1984), we stated that:

> We do not condemn the practice of conducting administrative hearings or the examination of witnesses by telephone conference call; but such hearings and examinations must comport with fundamental fairness guaranteed by the due process clause, with the statutory requirement of a fair hearing in unemployment compensation hearings, and with the board's regulations to the same effect at 34 Pa. Code §§101.21, 101.86. . . .

The referee must afford the parties a fair hearing. Impartiality is, of course, an essential ingredient of a fair hearing. The referee's actions of placing a telephone call to another employee identified by the employer as one who might have information and of taking that person's testimony favoring the employer were partial to the employer and therefore unfair to the unrepresented claimant.

The board's order is vacated and the record remanded for a new hearing. Jurisdiction is relinquished.

### ORDER

AND Now, this 26th day of March, 1985, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated; the record is remanded for a new hearing. Jurisdiction is relinquished.

Judge WILLIAMS, JR. did not participate in the decision in this case.