Mr. A.Y. Levine Deputy Director Department of Administration 1525 Sherman Street Denver, Colorado 80203
Dear Mr. Levine:
I write in response to your request for a formal opinion concerning public assistance hearings conducted by telephone conference call.
QUESTIONS PRESENTED AND CONCLUSIONS
a. May adjudicatory hearings for public assistance recipients be conducted by telephone?
Conclusion: Yes.
ANALYSIS
b. Pursuant to section 26-1-106, C.R.S. (1985 Supp.), the division of hearing officers conducts hearings on behalf of the Department of Social Services for public assistance claimants. In some of the rural counties, hearing officers have been conducting these hearings via telephone conference call, if all parties consent to conduct the hearing in this manner. The claimant is fully informed about the consequences of conducting a hearing by telephone. Only after the hearing officer receives consent from both parties does he proceed with a telephone hearing. Both the claimant and the witnesses for the department are located at local department offices. The hearing officer is located in his office. In some of the large, rural counties this procedure saves the Department of Social Services and the Division of Hearing Officers a significant amount of money. Also, cases are decided more quickly when this procedure is used.
Courts have concluded that telephone conference calls do not violate due process rights as long as sufficient procedures exist to assure fundamental fairness. Casey v. O'Bannon,536 F. Supp. 350 (E.D. Pa. 1982); Chobert v. UnemploymentCompensation Board of Review, 484 A.2d 223 (Pa. 1984).
In Casey v. O'Bannon, a federal district court addressed whether public assistance applicants, who were required as a practical matter to pursue their claims through telephone hearings, were denied due process. The court looked to the three factors established in Mathews v. Eldridge, 424 U.S. 319,334-335 (1976). First, the court found that the private interest weighs heavily in favor of the applicants. The court noted that without public assistance, recipients could not obtain their daily necessities.
Second, the court reviewed the risk of deprivation of an interest through the procedures used and the probable value, if any, of additional or substitute procedures or safeguards. The claimants argued that the risk of deprivation was great for several reasons: they could not see the witnesses who testified against them; they could not know if witnesses were conferring with each other; the hearing officer is precluded from observing witnesses' demeanor; and, the parties are unable to discern the hearing officer's reaction to testimony.
The court found that the use of speaker phones and the presence of the parties and witnesses at the same location adequately protected the right of cross-examination. The court also found that the hearing officers could judge witness credibility over the telephone by noting voice responses, pauses and levels of irritation, among other factors. The court concluded that the risk of deprivation was minimal.
Finally, the court discussed the government's interest. The court noted that this procedure saved the government a substantial sum of money. Based on the above analysis, the court concluded that telephone hearings are permissible. See also GrayPanthers v. Schweiker, 716 F.2d 23, 36-37 (D.C. Cir 1983).
The Pennsylvania Supreme Court has also found that telephone hearings are not objectionable. Chobert,supra. In Chobert, the unemployment claimant argued that telephone hearings were inherently unfair. The court concluded that telephone hearings are permissible if the hearings are fundamentally fair.
Hearings may be conducted by telephone. As you have presented the facts, the Department of Social Services conducts hearings only when all parties have consented. The department procedures more than comport with due process requirements.[1]
SUMMARY
Adjudicatory administrative hearings may be conducted by telephone conference call.[2]
Very truly yours,
 DUANE WOODARD Attorney General
DUE PROCESS SOVEREIGN IMMUNITY JUDGES
ADMINISTRATION
Adjudicatory administrative hearings for public assistance recipients may be conducted by telephone conference call.
[1] This opinion in no way suggests that other law may not require consent as a prerequisite to holding adjudicatory administrative hearings by telephone.
[2] To be clear, this opinion is concerned solely with constitutional due process in adjudicatory administrative hearings. It has no application to meetings where public business is discussed or public action is taken by members of policy on rulemaking bodies of state government. Those meetings are normally subject to the much more stringent requirements of our Open Meetings Law, sections 24-6-401 to 402, C.R.S. (1982 1985 Supp.), the spirit of which, at least, would be violated by the use of telephone calls.