509 A.2d 962

Albert R. Hoover, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 6, 1986, before Judges MACPHAIL, DOYLE and COLINS, sitting as a panel of three.

*David C. Mason, Baird, Uller & Test,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *James K. Bradley,* Associate Counsel, and *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, May 22, 1986:

In this appeal, we are again confronted with a procedural issue raised by the use of the telephone to conduct administrative hearings of the Unemployment Compensation Board of Review. The precise question before us is whether the instant claimant's right to present evidence was effectively foreclosed by the in-

herent nature of the telephonic hearing. We conclude that it was, and accordingly, remand.

Albert R. Hoover (claimant) was denied benefits by the Office of Employment Security, which determined that he had been dismissed from his job for having committed acts of willful misconduct as contemplated by Section 402(e) of the Unemployment Compensation Law.[1] He appealed this determination and a hearing was telephonically conducted, whereby the referee, who was present in the hearing room, telephoned the claimant, who was at another location, in order to take claimant's testimony.[2]

Preliminarily we note that we recently held that the Board can no longer conduct telephonic hearings, over the objections of one of the litigants, "without first having promulgated regulations which will safeguard the minimum due process rights of the parties and also insure that the hearings are conducted uniformly by the referees." *Knisley v. Unemployment Compensation Board of Review*, 93 Pa. Commonwealth Ct. 519, 523, 501 A.2d 1180, 1182 (1985). The instant claimant did not object to the nature of the hearing at the administrative level. Issues not raised below cannot be raised for the first time on appeal; therefore, the propriety of the telephone hearing itself may not be challenged. *Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981).

However, the use of the telephone infringed upon the right of the claimant to present evidence in his behalf. The Board's regulations provide: "The tribunal shall determine the order in which the evidence shall be presented in all hearings. Within the discretion of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] The employer did not testify.

the tribunal, the parties shall be permitted to present all evidence and testimony which they believe is necessary to establish their rights." 34 Pa. Code §101.21(b). The claimant in this case was discharged for tardiness and excessive absenteeism. He wished to refute this charge by showing that he did not miss the number of days the employer asserted he had, and to so do, he desired to admit into evidence pay stubs showing the days he had worked. A review of the record reveals the following exchange:

QR: Did they tell you why you were being discharged?

AC: Yes.

QR: What was the reason they gave you?

AC: They said I missed twenty-two days, and their [sic] lying. I have proof right here, pay stubs.

Because it was telephonically impossible to examine or admit the claimant's evidence, the referee simply ignored the claimant's proffer. Claimant asserted he had such "proof" once more during the hearing, which assertion was likewise ignored. Accordingly, we reverse the order of the Unemployment Compensation Board of Review and remand for a new hearing to be conducted consistent herewith.

### ORDER

AND NOW, May 22, 1986, the order of the Unemployment Compensation Board of Review, Decision No. B-228341, dated March 9, 1984, is reversed and remanded for a new hearing to be conducted consistent with this opinion.

Jurisdiction relinquished.

----

DISSENTING OPINION BY JUDGE DOYLE:

My dissent to the majority opinion is not with regard to the need for regulations dealing with tele-

phonic hearings. I would not reach that issue, however, because Employer completely failed to meet its burden to establish the willful misconduct of Claimant.

Employer did not attend the referee's hearing and the *only* evidence to establish Claimant's absenteeism came by way of certain documents, palpably hearsay, made part of the record at the beginning of the hearing by the referee with the following explanation:

QR: All right there are certain documents that I want to make part of the record in this case, these will be admitted into evidence *subject to objection. . . .*The employer states that you were seperated [sic] permanently due to absenteeism and tardiness, warnings were given on several times. . . .Now were you discharged from your job, Mr. Hoover? (Emphasis added.)

AC: Yes.

The referee never asked, nor did Claimant interpose, any specific objection but it seems that the referee himself admitted the documents, "*subject to objection*" which is equivocal at best. Even assuming the evidence was admitted without objection, such evidence may support a finding of the Board *only if it is corroborated by competent evidence* in the record. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). Claimant here not only did not corroborate Employer's evidence, but also denied completely Employer's accusations of excessive tardiness and absenteeism, as follows:

QR: Did they tell you why you were being discharged?

AC: Yes.

QR: What was the reason they gave you?

AC: They said I missed twenty two days, and their [sic] lying I have proof right here, pay stubbs.

. . . .

QR: According to Mr. Beaver's statement there's seventeen days here in which you were either late or absent. . . . [Thereafter follows a recitation of the specific dates.] Were you late or absent on those dates?

AC: No, not all of them no way, the 27th, 28th and 29th a piece of steel fell on my arm I went to the hospital, the superintendent took me and the doctor said I couldn't work all week. But I was only off three days because I couldn't any more so I went back to work. . . .

QR: How many days were you absent?

AC: Three days.

I would therefore reverse the Board and remand only for the computation of benefits.