533 A.2d 191

Leonard E. Eddy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 26, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Kenneth A. Wise,* for petitioner.

*Patricia Krise Bilzi,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 10, 1987:

Leonard Eddy (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) denying him benefits under Section 402(b) of the Unemployment Compensation Law (Law) (voluntary quit).[1] We vacate and remand for a new hearing.

Claimant is a journeyman wireman and a member of the International Brotherhood of Electrical Workers, Local 306 (Union) in Akron, Ohio. Claimant obtains his employment through the Union's hiring hall. On October 17, 1985, Steen Electric, Inc. (Employer) contacted the hiring hall to obtain the services of a wireman for a week's work (forty hours) commencing October 21, 1985. The hiring hall sent Claimant to fill the position.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

On October 25, 1985, Claimant's last scheduled day, he was sounded out by Employer's foreman as to his availability for work the next week.[2] Later that day Claimant was given a pay check and left the job site, never to return to work for Employer.

Claimant filed an interstate application for unemployment benefits. The Office of Employment Security (OES) denied benefits on the ground that Claimant had left his employment without cause of a necessitous and compelling nature under Section 402(b). Claimant appealed this determination, and because he was in Florida at the time of the appeal looking for work and Employer was located in Cuyahoga Falls, Ohio, the referee assigned to the case scheduled a hearing by telephone. After the hearing, the referee found the determination of the OES to be correct and the Board affirmed. This appeal followed.[3]

Claimant argues that his right to present witnesses and evidence on his behalf was effectively precluded by the referee's failure to put witnesses from the hiring hall

---

[2] The bone of contention in this case is whether the foreman's conversation with Claimant rose to the level of an offer of continued employment. Given our disposition of this case, we do not pass on this issue. Further, we also do not pass on the corollary issues of whether the foreman possessed the authority to make a job offer to Claimant, whether Claimant could have been "held over" by Employer an additional week without notifying the hiring hall and, assuming *arguendo* there was a job offer, whether Claimant was initially employed only for a forty-hour period and whether this was an offer to enter into a new contractual relationship or whether the offer constituted one of continuing work.

[3] Our scope of review is limited to determining whether constitutional rights or the provisions of 2 Pa. C. S. §§501-508 have been violated, an error of law has been committed, or whether the agency's findings of fact are supported by substantial evidence. 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

on the telephone and make them participants to the hearing. We agree.

Early in the hearing, when Claimant was in Georgia because of his then-employment, Claimant stated that "I asked for the local union to be tapped into this line at the same time with—they are my witnesses." [N.T. 1]. Shortly thereafter, the following colloquy occurred between Claimant and the referee.

> QR: Are you aware Mr. Eddy that you have the right to be represented by an attorney at this hearing if you wanted to have one with you to help you with your case?
>
> AC: I asked for my local union to be tapped into this line to be my witnesses and I guess you guys haven't got the ability to do it.
>
> QR: That is correct we don't have that many telephone lines. But the question was were you aware that you have the right to an attorney?
>
> AC: Yes.
>
> QR: You can have witnesses on your behalf, do you have any with you now?
>
> AC: I haven't got anybody here with me.

[N.T. 2]. It is clear that Claimant was placed in the position, *because of the telephone equipment in the referee's office,* of being able to present witnesses only if those witnesses were in the Georgia location from which he was testifying. A review of the record indicates that the testimony that would have been elicited from these witnesses would have been relevant to the present case, as the record contains numerous references and allegations to the arrangements between Employer and the Union hiring hall.[4] Under the circum-

---

[4] We realize that much of the testimony that will be elicited from the hiring hall witnesses upon remand will concern the agreements and relationship between the Union and the Employer. It has been indicated to us that part of the evidence that will be

stances of this case, the proper course which should have been taken by the referee was either to advise Claimant of his right to request a continuance or *sua sponte* declare one in order to make arrangements with the telephone company to have a four-party conference call.[5] *See* 34 Pa. Code §101.23(b). Because this was not done, and because no regulations have been adopted as yet by the Department of Labor and Industry, Claimant was precluded from calling witnesses and the decision of the Board must therefore be vacated.[6] *Hoover v. Unemployment Compensation Board of Review,* 97 Pa. Commonwealth Ct. 414, 509 A.2d 962 (1986).

The Board raises a number of arguments as to why this case is not controlled by *Knisley v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 519, 501 A.2d 1180 (1985) and its progeny.[7] We deem *Knisley* to be controlling.

The Board first argues that since Claimant did not object to the taking of testimony by telephone, he may

---

adduced from these witnesses will be in the form of documents. We have previously noted that the introduction of documents into evidence at telephonic hearings presents substantial due process problems, given the absence of Board regulations governing the introduction of such evidence. *See Hoover v. Unemployment Compensation Board of Review,* 97 Pa. Commonwealth Ct. 414, 509 A.2d 962 (1986). The introduction of documents into evidence is a situation that the Board must be prepared to deal with upon remand.

[5] We take judicial notice of the fact that telephone companies currently possess and market the technology to have conference calls involving four or more participants at different locations.

[6] Our opinion in this case should not be read as implying that the remand in this case was caused by any of the parties or the referee. The problem in this case is solely one of logistics; the referee's office simply lacked enough telephone lines to conduct a four-party conference call.

[7] *Weston v. Unemployment Compensation Board of Review,* 103 Pa. Commonwealth Ct. 556, 520 A.2d 953 (1987); *Hoover.*

not do so now. This argument misperceives Claimant's objection. As the Board itself aptly points out, this hearing could not have taken place without the use of a telephone. What Claimant objects to, however, is not that the testimony in the case was taken by telephone, but rather the fact that the referee's telephone equipment would not allow the hiring hall witnesses to be made parties to the conference call.

Second, the Board asserts that Claimant did not object to the inadequacy of the referee's telephone equipment at the hearing, and thus waived the issue. *See* Pa. R.A.P. 1551. We disagree. The colloquy previously excerpted in this opinion clearly shows that Claimant desired to have the hiring hall officials as witnesses, and that the referee denied the request because of the limitations of *his* telephone equipment. This was sufficient to preserve the issue for appellate review. Even if Claimant had not raised the issue in the proceedings before the compensation authorities, the issue would still not be waived under our decision in *Hoover*. In *Hoover*, we held that where the use of a telephone in an unemployment compensation hearing results in precluding a party from presenting evidence, absent regulations, the issue is not waived even though not raised before the compensation authorities. *Hoover*, 97 Pa. Commonwealth Ct. at 416-17, 509 A.2d at 963.

Next, the Board contends that Claimant was required to inform the referee in advance of the hearing of his desire to have the hiring hall made part of the conference call. The Board asserts that the "Notice of Telephone Hearing" form put Claimant on notice that another telephone line was not available for witnesses to testify. While it may have been the more prudent course for Claimant to have informed the referee in advance of his desire to have the hiring hall witnesses present testimony, he was not required to do so prior to

the start of the hearing due to the Board's failure to promulgate any regulations governing the procedures to be followed in telephone hearings. *See Knisley.* Moreover, although the "Notice of Telephone Hearing" form did state a three-way conference call was to be held,[8] it did not inform Claimant that *only* a three-way conference call could be held by the referee. The portion of the form to which the Board points is pre-printed. It could not put Claimant on notice that the office of the particular referee conducting the hearing did not have the telephone equipment to have a four-party conference call.

Last, the Board contends that even if it had the equipment to tap the hiring hall into the conference call, it was legally precluded from doing so by our decision in *Weir v. Unemployment Compensation Board of Review,* 88 Pa. Commonwealth Ct. 372, 489 A.2d 979 (1985). In *Weir,* both the claimant and the employer were present in the referee's office for a hearing. When the referee decided that the basis of the disqualification by the OES, Section 402(b), may have been incorrect and decided to change the basis to one which would have put the burden of proof upon the employer, Section 402(e) of the Law,[9] the employer suddenly remembered a witness who would corroborate his story. The referee then, *sua sponte,* placed a call to this witness to elicit testimony and found against Claimant. This Court vacated the Board's order on the basis that the referee's *sua sponte* telephoning of the witness showed partiality on the part of the referee.

---

[8] It is interesting to note that the portion of the "Notice of Telephone Hearing" that supposedly advised Claimant that "[t]his will be a three-way telephone hearing . . ." was under the section headed *Attention Employer.*

[9] 43 P.S. §802(e).

*Weir* does not, however, bar the taking of testimony from the hiring hall witnesses. In *Weir*, the referee decided, *in the middle of the hearing*, to telephone a witness the employer said could corroborate his story. This action was deemed by this Court to be improper because the referee went out of his way to assist employer's presentation of his case. Further, allowing the employer to present a witness by telephone, when all of his witnesses were supposed to be present in the hearing room, constituted an unfair surprise to the claimant in that case. There could have been no unfair surprise in this case, as Employer's witnesses made frequent references to the arrangements between Employer and the Union hiring hall.

Accordingly, we determine that the Board's prior decision must be vacated and the case remanded for a new hearing at which Claimant should be allowed to present the testimony of the union witnesses. The Board should also consider the applicability of Section 402(a) of the Law, 43 P.S. §802(a) (failure to accept suitable employment) to this case.

## ORDER

NOW, November 10, 1987, the order of the Unemployment Compensation Board of Review in the above captioned matter is hereby vacated and the case is remanded for a new hearing to be conducted in a manner consistent with this opinion.

Jurisdiction relinquished.