617 A.2d 66

**CLASSIC PERSONNEL, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 2, 1992.

Decided Nov. 12, 1992.

424

Leo M. Stepanian, for petitioner.

Lisa Jo Fanelli, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PALLADINO, and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Classic Personnel (Employer) appeals from an order of the Unemployment Compensation Board of Review (Board) granting benefits to Janet O'Malley (Claimant). Employer claims his due process rights were violated by being precluded from

offering defenses to Claimant's application for benefits. We agree and vacate the Board's decision insofar as it grants benefits.

Claimant worked for the Employer as an office worker and an employment counselor. When engaged in office work, she received an hourly wage, and when engaged as an employment counselor, she worked on a commission basis. After working for Employer for about a year, Claimant left her employment.

On September 29, 1989, Claimant filed an application for benefits with the Bureau of Unemployment Compensation (Bureau). The Bureau determined that Claimant was financially ineligible, under Section 404(e) of the Unemployment Compensation Law (Law).[1] Nowhere in the official record is there evidence that there was any communication between the Bureau and the Employer, or that the Employer had a chance to and did raise defenses against the claim. The record does not include the Notice of Application and a request for separation and wage information that the Bureau normally sends to Employers pursuant to Section 501 of the Law, 43 P.S. § 821.[2] Neither does the Summary of Interview contain any notation of contact with the Employer, although the form provides ample space for comments from the Employer as well as the Claimant. (Official Record Item 6). The claim record, a computer printout of Bureau annotations, Item 1 of the Official Record, lists Employer as a separating employer and lists the reason as "QUITE—FORCED OUT" [sic]. The claim record also contains a line reading "ADJ = CLT INELIG QUIT".

Claimant appealed to the Referee the decision of the Bureau denying benefits on the basis of the financial eligibility. At the Referee's hearing, both Claimant and Employer presented witnesses. Employer attempted to cross-examine Claimant about whether she voluntarily quit, but the questioning was

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804(c).

2. Section 501 allows the employer to file with the Bureau any information which might raise a question of eligibility, and then requires the Bureau to notify any employer who files such information of its determination.

not allowed by the Referee who stated that the only issue was financial eligibility. The Referee dismissed Claimant's appeal on the basis that it was untimely under Section 501(e) of the Law, 43 P.S. § 821(e). Claimant then filed an appeal to the Referee's decision.

On appeal, the Board remanded the case to a Referee as the representative of the Board[3] to hear evidence on the timeliness of the appeal. Then twice more the Board remanded the case to a Referee to take evidence on the issue of financial eligibility. Again, during these hearings, Employer attempted to introduce evidence that Claimant voluntarily quit, but the evidence was disallowed because the issue was limited to that stated by the Board in its remand orders. On the basis of the hearings, the Board deemed Claimant's appeal to be timely and found that Claimant was financially eligible. The Board also stated in its findings of fact that separation from employment was not an issue in the appeal. The Board then vacated the decision of the Referee, reversed the determination of the Bureau, and granted benefits.

Employer requested that the Board reconsider its decision under Section 402(b) of the Law, 43 P.S. § 802(b), and, specifically, that the Board remand the case to allow Employer to present evidence on whether Claimant voluntarily quit her employment. The Board refused to reconsider its decision. Employer then filed this appeal.[4]

Employer contends that it was denied due process because it was prevented from raising the issue that Claimant voluntarily quit. Moreover, it contends that the Board abused its discretion by denying its request for reconsideration, asking for a remand on the voluntary quit issue. The Board contends that Employer did not raise the issue of a voluntary quit until

3. *See* 34 Pa.Code § 101.104(d) which provides for the use of referees on appeal as hearing officers to take additional evidence for the Board's consideration.

4. Our scope of review is limited to whether the Board committed an error of law, violated constitutional rights, or whether the findings of fact are supported by substantial evidence. *Administrative Agency Law,* 2 Pa.C.S. § 704; *Estate of McGovern v. Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

it requested reconsideration from the Board, and that, therefore, the issue was waived and the Board correctly refused to address the issue.

■■■ In *Wing v. Commonwealth, Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981), our Supreme Court established that the waiver doctrine was applicable to unemployment compensation cases. The court held that where an employer does not propose a legal theory at the administrative body, the employer waives the right to raise the issue, even though the Bureau, the referee, and the Board all espouse an incorrect legal theory for the case. *Id.* at 116, 436 A.2d at 181. To determine whether the employer proposed the legal theory at the administrative body, the court, in *Wing,* examined the employer's reply to the Bureau's standard Notice of Application and request for separation information. The court noted that the employer had raised only the issue of a voluntary quit before the Bureau, and that wrongful misconduct was not raised until the case reached the Commonwealth Court, and, therefore, the court decided that the wrongful misconduct issue was waived. *Id.* at 116, 436 A.2d at 181. *See Gould v. Unemployment Compensation Board of Review,* 77 Pa.Commonwealth Ct. 554, 558, 466 A.2d 750, 752 (1983) (holding that *Wing,* along with 2 Pa.C.S. § 703[5] and Pa.R.A.P. 1551,[6] preclude consideration only of issues which have never been raised before the agency). This court also held that an employer cannot change its defense given to and ruled upon by the Bureau on appeal. *See, e.g., Harwood v. Unemployment Compensation Board of Review,* 109 Pa.Commonwealth Ct. 559, 531 A.2d 823 (1987).

The Board argues that the rule as set forth in *Wing, Harwood,* and the regulations, 34 Pa.Code §§ 101.87 and 101.107, precludes an employer from raising an issue on appeal that was not ruled on by the Bureau, even if the Bureau failed to do so inadvertently or negligently. Those

**5.** A party "may not raise upon appeal any other question not raised before the agency ..."

**6.** "No question shall be heard or considered by the court which was not raised before the government unit ..."

regulations provide that a referee and the Board can only address the issues ruled on by the Bureau, absent agreement by the parties.[7]

■ However, the Board's application of the case law and the regulations ignores the facts of this case. In this case, the Employer apparently was not contacted for its response to the claim or to give its version of Claimant's separation from her employment. But from the annotations on the claim record which refer to a "quit", one can surmise that the Bureau was on notice that a voluntary quit was at issue, but apparently did not rule on the merits of the claim once it determined Claimant was not financially eligible. (Original Record Item 1). Additionally, Employer did raise the issue of a voluntary quit at the Referee's hearing, as did Claimant who mentioned that she left her employment. (R.R. 20a). Because the Employer apparently was not given a chance to raise defenses before the Bureau, the Employer could not have waived the issue as the employer in *Wing* did. Such a waiver is especially not possible where the Bureau, on its own initiative in some cases, rules on preliminary matters such as financial eligibility without ruling on other issues which it is aware of and which affect the claimant's right to benefits.

■ Moreover, this case is distinguishable from *Harwood* and other cases based on the regulations where the employer attempts to change its reasons for challenging the claim after the case has been appealed. In this case, because the Employer did not have a chance to raise defenses, it was not attempting to change its initial reasons. The regulations do not allow an employer to raise new issues or change defenses on appeal, and we would agree that the referees were correct in hearing evidence only on the issues before them. However, once the case reached the Board, and the Board ruled in favor of the Claimant on the one issue the Bureau had ruled on, the

7. 34 Pa.Code §§ 101.87 and 101.107 state that the tribunals should consider the issues expressly ruled upon in the decision from which the appeal was filed, except that another issue in the case may be determined with the approval of the parties or if the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record.

regulations do not prevent the Board from recognizing that the Bureau did not rule upon an issue which was not waived and from allowing the Employer to raise the issue. *Gould*, 77 Pa.Commonwealth Ct. at 558, 466 A.2d at 752.

■■ To hold otherwise would violate an employer's due process rights to a full and complete hearing. Due process demands that a party have a right to in-court presentation of evidence with an opportunity to confront and cross-examine witnesses. *Plowman v. Plowman*, 409 Pa.Super. 143, 597 A.2d 701 (1991); *Chobert v. Unemployment Compensation Board of Review*, 86 Pa.Commonwealth Ct. 151, 484 A.2d 223 (1984). Fairness to an employer must include that when a claimant is ultimately successful on one issue concerning her eligibility for benefits, if there are other issues which were raised which might preclude her from receiving those benefits, those issues must be addressed. Otherwise, claimants might be awarded benefits when they are not entitled to them due to piecemeal determinations by the Bureau. Because Employer did not waive the issue that Claimant voluntarily quit, due process entitled Employer an opportunity to be heard on that issue.

The Board contends that even if we decide that Employer was entitled to be heard on the voluntary quit issue, the Employer waived his right by not raising it in Claimant's appeal to the Board on the issue of financial eligibility. We disagree. The Board fails to consider that the Claimant and the Employer are precluded by its own regulations from raising any issue not addressed by the Bureau. The Employer only became aggrieved when the Board overturned the Referee's denial of benefits due to financial ineligibility. By filing the Motion for Reconsideration requesting that the Board remand to consider whether Claimant voluntarily left her employment, the Employer raised the issue at the first available opportunity once it had become aggrieved.

Ideally, the Bureau should rule on all the issues raised before them that might prove a claimant ineligible for benefits in order to avoid multiple appeals. But when the Bureau fails to allow an employer to raise defenses or fails to carry out the

responsibility of ruling on all the issues raised by an employer, and the Board decides the issue before it in favor of the Claimant, based on the record, the Board should remand for a ruling on the issue by the Bureau. *Gould.*[8]

Because it erred in granting benefits without remanding the case to the Bureau for further hearings on the voluntary quit issue, the Board abused its discretion by denying Employer's request for reconsideration. Accordingly, we vacate the Board's order on the merits insofar as it grants benefits to Claimant, and we remand the case to the Board which should then remand to the Bureau for a ruling on the issue of a voluntary quit.

### ORDER

AND NOW, this 12th day of November, 1992, the decision of the Unemployment Compensation Board of Review on the merits of the case, dated December 16, 1991, No. B–295235, is vacated in that part granting benefits, and the case is remanded to the Board.

Jurisdiction relinquished.

---

8. The Board cannot properly hear the evidence on the issue that was not ruled upon by the Bureau, unless it complies with the 34 Pa.Code § 101.107(b). *Gould.*