IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandi Sponseller,                      :
                                        :
                        Petitioner      :
                                        :
            v.                          : No. 1227 C.D. 2021
                                        : Submitted: February 10, 2023
Unemployment Compensation               :
Board of Review,                        :
                                        :
                        Respondent      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                   FILED:  May 22, 2023


            Brandi Sponseller (Claimant) petitions for review, *pro se*, of the Order

of the Unemployment Compensation Board of Review (Board), which affirmed a

Referee's decision denying unemployment compensation (UC) benefits pursuant to

Section 402(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

            Claimant was employed as a project manager and designer for Kolano

Design Company (Employer), from March 16, 2015, to June 15, 2020.  In March

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§802(e).  Section 402(e) of the Law, provides in relevant part: "[A]n employe shall be ineligible
for compensation for any week . . . [i]n which [her] unemployment is due to [her] discharge or
temporary suspension from work for willful misconduct connected with [her] work . . . ."  43 P.S.
§802(e).

2020, Employer determined that Claimant was failing to complete her work and falling behind on her billable hours. Additionally, in April 2020, Employer learned that Claimant was completing work on outside employment as a life coach and doing so on an Employer-issued computer. On June 15, 2020, Employer terminated Claimant's employment. Certified Record (CR) at 21-22.

Claimant filed an application for UC benefits dated June 14, 2020. CR at 12-15. Therein, Claimant specifically alleged that she was terminated because her "use of 'covid' time was used for personal marketing." *Id*. at 13. Specifically, she "used the office Mac in place of her personal computer to work on [her] fitness career." *Id*. at 15. Although Employer cited Claimant's "[repeated failure] to complete assigned work tasks" as the basis of her unsatisfactory work performance, Employer also characterized Claimant's personal use of the office computer as misconduct, because she used the "work computer to run her own business during work hours." *Id.* at 21-22.

The Duquesne UC Service Center (Service Center) found that Claimant was not ineligible for benefits under Section 402(e) of the Law. CR at 27. The Service Center reasoned that Employer bore the burden of proving that Claimant did not work to the best of her ability, which Employer failed to do. *Id*. On January 8, 2021, Employer filed a timely appeal. *Id.* at 31-32.

In a Notice of Hearing mailed on January 14, 2021, Claimant and Employer were notified of a telephone hearing scheduled for February 4, 2021, at 8:00 a.m. CR at 39-50. The notice identified "whether [C]laimant's unemployment was due to discharge . . . from work for willful misconduct connected with employment" as the specific issue to be considered in the hearing. *Id*. at 39. Moreover, the notice advised, in relevant part:

2

> [T]he Referee will be calling parties on a telephone line that will not display the originating telephone number. Some telephones have the capability of blocking incoming calls for which no originating number is displayed. If your telephone blocks such calls and if you expect to participate in the hearing by telephone, **it is your responsibility to ensure that you are able to accept the call to participate in the hearing.**

*Id.* (emphasis in original).

At approximately 8:00 a.m. on February 4, 2021, the Referee called Employer's telephone number and reached Employer and its witness. CR at 95. However, when the Referee called Claimant's telephone number, he received a message stating: "Hi. You have reached Brandi Lynn. Sorry I am unable to answer your call at the moment. If you can leave a detailed message, I will be happy to get back to you. Thanks. Bye. The mailbox is full and cannot accept any messages at this time. Goodbye." *Id*. Thereafter, the Referee began to identify documentary evidence to be entered into the claim file. *Id*. at 96-98. At this point, the Referee called Claimant again, but received the same response and proceeded with the hearing, notwithstanding Claimant's nonappearance. *Id*. at 98. At approximately 8:13 a.m. on February 4, 2021, Claimant emailed the Board: "Hello [Referee], I potentially missed your call as it showed spam and I was getting my kids ready for school. I'd like to call back in." *Id.* at 103.

Following the hearing, the Referee reversed the Service Center's determination of Claimant's UC benefits eligibility in a Decision/Order mailed on February 5, 2021. CR at 105-09. In relevant part, the Referee found as fact:

> 4. In April 2020, [Employer] realized that [Claimant] was doing work as a life coach which didn't have anything to do with [Employer].

3

5. [Employer] found that she had all sorts of work on her company computer, one of which she kept at home.

6. [Claimant] was aware this was a policy violation for her, and [Employer] talked with [its] attorney about this to get more insight.

\* \* \*

10. [Claimant] was called twice but the Referee got [Claimant's] voicemail and her mailbox was full.

*Id.* at 105-06.

In his decision, the Referee reasoned:

Although duly notified of the date, time and place of the [UC] hearing, [Claimant] failed to appear for the hearing to present testimony and evidence on the issues under appeal. The above findings represent the competent evidence presented by [Employer], in addition to a careful review of the documentary evidence.

CR at 106.

With respect to the merits, the Referee noted that "the Pennsylvania [c]ourts have consistently held that the . . . deliberate violation of the employer's rules" amounts to willful misconduct. CR at 106. However, the Referee explained that the employer bears the burden of providing evidence to establish the existence of the employer's rule and "the fact of its violation." *Id.* If the employer is successful in doing so, "then the burden shifts to the claimant to establish either good cause for violating the employer's policy and/or that the policy is unreasonable, or that the policy is not fairly enforced or uniformly applied." *Id.* at 106-07. Ultimately, because Claimant "did work as a life coach in another business" during her working hours for Employer, the Referee determined that Employer met its burden of proving willful misconduct. *Id.* at 107. Thus, the Referee reversed the Service Center's determination of eligibility and denied benefits. *Id.*

4

On February 22, 2021, Claimant filed a timely appeal of the Referee's decision to the Board "plead[ing her] appeal and [the] reason for [her] lack of appearance at the hearing on [February 4,] 2021." CR at 114. With respect to her lack of appearance, Claimant asserted: "My phone malfunctioned and I was not able to resolve the issue until working with Apple Support. My voicemail was not full but errored [sic] during the hearing. I was not able to dispute sharing my evidence[,] which I have attached." *Id.*

As a result, by Order mailed on April 16, 2021, the Board remanded the case to the Referee "to receive testimony and evidence on [Claimant's] reason for her nonappearance at the previous hearing." CR at 212.[2] The Board permitted the Referee to elicit new testimony and evidence on the merits. *Id.* The Board clarified, however, that if it found that Claimant lacked proper cause for her nonappearance at the February 4, 2021 hearing, it would not consider any of the new testimony or evidence. *Id.* The remand hearing was conducted on May 27, 2021, via telephone. *Id.* at 231-33, 235.

Both Claimant and Employer appeared at the May 27, 2021 remand hearing. CR at 236-38. After identifying and entering Claimant and Employer's documentary evidence, the Referee turned to eliciting Claimant's testimony regarding the cause of her nonappearance at the February 4, 2021 hearing. *Id.* at 240. The transcript states, in relevant part:

> [Referee:] . . . The first thing we're going to go -- or the first thing we're going to do is have [Claimant] testify. I need to know why she didn't come to the last hearing, and anything else she wants to say about that. . . . So

---

[2] *See Walthour v. Unemployment Compensation Board of Review*, 276 A.3d 387 (Pa. Cmwlth. 2022) (vacating and remanding to the Board to permit a claimant to explain her efforts taken to ensure that her phone did not block a referee's call for a telephonic hearing).

5

[Claimant], I have on page 1 of the transcript . . . the seventh paragraph, I say, okay, I'm going to call [Claimant], okay? And I have your number. And then I have what you said on the phone. Why did you not -- why weren't you there?

[Claimant:] Yes. So my phone malfunctioned. It was -- I was not able to resolve the issue. I reached out to -- I have an iPhone -- I reached out to Apple Support, and they repaired the issue, but it was after the fact, and I was not able to receive that phone call. My phone either did not receive it or block[ed] it, and I was not able to answer that call.

[Referee:] Well, you see my recording. It's there.

[Claimant:] Um-hum.

[Referee:] What do you have to say about that?

[Claimant:] No, I see that you called me, and it looks like -- it looks like my voicemail immediately responded. I don't understand why I wasn't able to answer the phone.

[Referee:] Okay. Anything else you want to say about that?

[Claimant:] That's the only thing. No.

*Id*. at 240. Thereafter, Claimant and Employer offered testimony on the merits. *Id*. at 240-52.

By Order mailed September 7, 2021, the Board affirmed the Referee's February 5, 2021 decision. CR at 254-61. Because Claimant's nonappearance resulted from "her iPhone 'malfunction[ing],' which [Claimant] believes was because her phone did not receive the call or blocked the call," the Board determined that Claimant lacked "good cause" for her nonappearance at the February 4, 2021 hearing. *Id*. at 254. Specifically, the Board noted that "[C]laimant was instructed in the hearing notice that it was her responsibility to ensure that her phone was able to

6

accept the Referee's call to participate in the hearing." *Id.* As a result, the Board did not consider the additional testimony and documentary evidence that Claimant presented at the remand hearing, and "conclude[d] that the determination made by the Referee [was] proper under the [Law] . . . ." *Id.* at 254-55. Notably, in affirming the Referee's decisions, the Board adopted and incorporated the Referee's findings of fact and conclusions of law supporting his reversal of the Service Center's determination. *Id.* at 255. Claimant now petitions this Court for review.[3]

On appeal, Claimant asserts that the Board violated her due process rights when it found that she lacked "good cause" for her nonappearance, because "[i]t is due process to be heard, and due to a pandemic, we are relying on technology[4] to function as we expect." Petitioner's Brief at 6. Moreover, Claimant asserts, on the merits, that she had good cause for her alleged willful misconduct

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[4] In the Statement of Questions portion of her appellate brief, Claimant asserts that "[h]ad this hearing been in person, it would not have been an issue of a phone [being] able or not able to receive 'spam' labeled phone calls." Petitioner's Brief at 6. To the extent Claimant challenges the Board's Order on the basis that the telephonic hearing violated due process, the record shows that she failed to object to the telephonic hearing at the administrative level. Because "[i]ssues raised below cannot be raised for the first time on appeal . . .[,] the propriety of the telephone hearing itself may not be challenged." *Hoover v. Unemployment Compensation Board of Review*, 509 A.2d 962, 963 (Pa. Cmwlth. 1986). *Cf. O'Leary v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 984 C.D. 2020, filed October 27, 2021), slip op. at 6 ("[The c]laimant's new attorney objected to, and moved to strike, the testimony and exhibits offered by [the e]mployer at the first hearing because of the 'technology issues' which were 'not any fault of his own nor of our office,' stating that to permit the evidence was a due process violation. The [r]eferee overruled [the c]laimant's counsel's objection . . . .") (citations and footnote omitted); *see also id.* at 9 n.11 ("On appeal [to the Board], [the c]laimant did not challenge the decision of the [r]eferee to receive [the e]mployer's evidence without his participation. Therefore, we do not consider that issue.").

7

because:  (1) the COVID-19 pandemic required her to work from home; and (2) her billing practices and computer use followed Employer's common practice.  *Id*.

Put simply, "[d]ue process requires notice and an opportunity to present evidence and legal argument."  *Massie v. Unemployment Compensation Board of Review*, 255 A.3d 702, 708 (Pa. Cmwlth. 2021).  To this extent, Section 101.51 of the Board's regulations provides in relevant part:  "If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence."  34 Pa. Code §101.51.

Nevertheless, Section 101.24(a) states:

> If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that h[er] failure to attend the hearing was for reasons which constitute "proper cause," the case shall be reopened.

34 Pa. Code §101.24(a); *see also McNeill v. Unemployment Compensation Board of Review*, 511 A.2d 167, 169 (Pa. 1986) (parties failing to appear at a Referee's hearing "must set forth the reasons for failing to appear . . . and the [Board] must make an independent determination that the reasons set forth constitute proper cause").  As such, it is well established "that a claimant's own negligence is insufficient 'proper cause,' as a matter of law, to justify h[er] failure to appear at a referee's hearing and warrant a new hearing."  *Savage v. Unemployment Compensation Board of Review*, 491 A.2d 947, 948 (Pa. Cmwlth. 1985).

In *Eat 'N Park Hospitality Group, Inc. v. Unemployment Compensation Board of Review*, 970 A.2d 492, 494-95 (Pa. Cmwlth. 2008), this Court reaffirmed the holding of *Savage*.  Therein, although the employer was "forthright and candid about [failing to provide the referee with correct telephone directions]," it still

8

constituted an admission of fault for the employer's nonappearance. *Id.* at 495. Consequently, the employer lacked the requisite proper cause for its nonappearance, and the Board correctly determined it was improper to reopen the hearing. *Id*. at 494-95.

Here, as in *Eat 'N Park Hospitality Group*, Claimant's testimony at the remand hearing evidenced her fault for her nonappearance. The Hearing Notice dated January 14, 2021, explicitly directed Claimant to "be by the telephone and keep the line free at least fifteen (15) minutes before the scheduled time" and clarified that "it [was Claimant's] responsibility to ensure that [she was] able to accept the call to participate in the hearing." CR at 39. In her own e-mail sent 13 minutes after the appointed hearing time, Claimant acknowledged that she "missed [the Referee's] call as it showed spam and [she] was getting [her] kids ready for school." *Id.* at 103.[5] In addition, she testified at the remand hearing that her phone "either did not receive [the Referee's call] or block[ed] it." *Id.* at 103, 240. Consequently, Claimant's nonappearance was due to her own failure to follow the explicit directions of the Hearing Notice. This Court has repeatedly held that "a claimant's own negligence is insufficient 'proper cause,' as a matter of law, to justify [her] failure to appear." *Savage*, 491 A.2d at 950. Thus, the Board correctly found that Claimant lacked proper cause for her nonappearance.

With respect to the merits of the instant appeal, in UC matters, the Board is the ultimate finder of fact, such that "[f]indings made by the Board are conclusive and binding on appeal if the record, when examined as whole, contains

---

[5] It is in this respect that the instant matter may be distinguished from our holdings in *Walthour* and *O'Leary*. *See, e.g.*, *O'Leary*, slip op. at 7 ("[The c]laimant's undisputed testimony was that he did what he could to remedy the situation 'in real time,' as the hearing was being conducted in his absence.").

substantial evidence to support those findings." *Kelly v. Unemployment Compensation Board of Review*, 776 A.2d 331, 336 (Pa. Cmwlth. 2001). Substantial evidence is a low bar; it need only be "relevant evidence which a reasonable mind might accept as adequate to support a conclusion." *American General Life and Accident Insurance Company v. Unemployment Compensation Board of Review*, 648 A.2d 1245, 1248 (Pa. Cmwlth. 1994). Finally, "[t]his Court is bound 'to examine the testimony in the light most favorable to the party in whose favor the [B]oard has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony' to determine if substantial evidence exists for the Board's findings." *Morgan v. Unemployment Compensation Board of Review*, 108 A.3d 181, 185 (Pa. Cmwlth. 2015) (citing *United States Banknote Company v. Unemployment Compensation Board of Review*, 575 A.2d 673, 674 (Pa. Cmwlth. 1990)).

Under Section 402(e) of the Law, a claimant is ineligible to receive benefits "for any week . . . [i]n which [her] unemployment is due to [her] discharge or temporary suspension from work for willful misconduct connected with [her] work." 43 P.S. §802(e). As this Court has explained:

> Although willful misconduct is not defined by statute, it has been described as: (1) the wanton and willful disregard of the employer's interests; (2) the deliberate violation of [work] rules; (3) the disregard of standards of behavior that an employer can rightfully expect from his employee; or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 606-07 (Pa. Cmwlth. 2011) (citations omitted). Initially, the employer bears the burden of

establishing willful misconduct. *Id.* at 607. If an employer has discharged a claimant for violating a work rule, the employer must establish the existence of the rule, the claimant's awareness of the rule, its reasonableness, and "the fact of its violation." *Id.* If the employer is successful in meeting its burden, the burden then shifts to the claimant to demonstrate that she had good cause for her actions, which is satisfied when "her actions are justified or reasonable under the circumstances." *Id.*

In considering the entirety of the certified record of this case, substantial evidence exists to prove that Employer met its burden of establishing willful misconduct. First, Employer had a policy prohibiting employees from using its equipment for purposes unconnected with their employment. Employer's office manual states in relevant part:

> The use of company[-]provided computers and the resources associated with their use including but not limited to e-mail and internet access are communications tools provided by the company and are to be used only for business communication. This equipment, software, network and any data produced belong to [Employer] and [Employer] maintains the right to monitor and review use and data stored routinely and without prior notice. Use of this equipment, software, network and data . . . should be consistent with [the] employee's current responsibilities and for legitimate business purposes.

CR at 91. Similarly, regarding Claimant's knowledge of this policy, Employer's documents admitted at the hearing state that "[e]very employee acknowledges company policies and signs a statement attesting so," and Employer's owner indicated that "we have an office manual that's tangible, that everybody agrees to, that says this equipment . . . is not to be used for anything other than company business." *Id.*

11

In his decision, the Referee reasoned that "[Claimant] should have been working for [Employer] when she was at work, but she didn't do that and instead, did work as a life coach in another business." CR at 107. Indeed, Employer's owner testified that "[Claimant] was not working for us during the time she was putting on timecards. She was running her own business." *Id.* at 99. This included keeping "[Claimant's personal] business records on [Employer's servers] . . . ." *Id.* at 101. Employer's documentary evidence also bears this out, demonstrating that Claimant participated in non-work-related Zoom sessions, used social media, and stored non-work-related data on her Employer-issued computer during Employer's working hours. *Id.* at 86-87.

As this Court has explained:

> The Board correctly argues that [the c]laimant's conduct constituted willful misconduct because "it is contrary to reasonable standards of behavior for an employee to use company property for personal activities without authorization, even absent a rule prohibiting such conduct." *Smith v. Unemployment Compensation Board of Review*, [508 A.2d 1281, 1283 (Pa. Cmwlth. 1986)]; *see also Wetzel* [*v. Unemployment Compensation Board of Review*, 370 A.2d 415 (Pa. Cmwlth. 1977)]. Using computers for personal, non-work purposes after being instructed not to do so amounts to willful misconduct, *Baldauf v. Unemployment Compensation Board of Review*, 854 A.2d 689 (Pa. Cmwlth. 2004), and a lack of prior warnings "is not a defense in willful misconduct cases" regarding admitted misconduct. *Placid v. Unemployment Compensation Board of Review*, [427 A.2d 748, 750 (Pa. Cmwlth. 1981)].

*Pettyjohn v. Unemployment Compensation Board of Review*, 863 A.2d 162, 165 (Pa. Cmwlth. 2004); *see also Department of Transportation v. Unemployment Compensation Board of Review*, 755 A.2d 744, 748 (Pa. Cmwlth. 2000) (holding that the claimant's violation of the employer's work policy against using an

12

employer's resources for supplemental employment constituted willful misconduct).[6]  Thus, Employer's policy was eminently reasonable and there is substantial evidence demonstrating Claimant's violation of this reasonable policy.

As Employer sufficiently demonstrated Claimant's willful misconduct, the burden shifted requiring her to show that she had good cause for her actions. However, when a party fails to offer evidence before a referee, and it is not "otherwise made a part of the certified record," this Court cannot consider the evidence on appeal.  *Rothstein v. Unemployment Compensation Board of Review*, 114 A.3d 6, 10 (Pa. Cmwlth. 2015).  Because Claimant failed to establish good cause for her nonappearance, the Board did not consider her testimony or documentary evidence offered at the remand hearing, and we cannot now consider her assertions of fact in her appellate brief, or the documents appended to her brief, in disposing of the instant appeal.  *See id.*; *see also Croft v. Unemployment Compensation Board of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995) ("This Court may not consider auxiliary information appended to a brief that is not part of the certified record on appeal.").  Consequently, there is no evidence in the record which demonstrates that Claimant had good cause for her willful misconduct, and the Board correctly determined that she is ineligible for UC benefits.

Accordingly, the Board's order is affirmed.


                                      MICHAEL H. WOJCIK, Judge

---

[6] *But cf. Great Valley Publishing v. Unemployment Compensation Board of Review*, 136 A.3d 532, 537 (Pa. Cmwlth. 2016) ("[W]here [an e]mployer admittedly tolerated violations of its policy governing employees' internet use, [the e]mployer failed to establish that [the c]laimant's use of the computer and internet . . . amounted to willful misconduct under Section 402(e).") (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandi Sponseller,                    :
                                      :
                    Petitioner        :
                                      :
          v.                          :  No. 1227 C.D. 2021
                                      :
Unemployment Compensation             :
Board of Review,                      :
                                      :
                    Respondent        :


# **O R D E R**


AND NOW, this 22nd day of May, 2023, the order of the Unemployment Compensation Board of Review dated September 7, 2021, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge